```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| DIANE SCHULTE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Misc. Action No. H-12-527 |
| § | |
| SEE EXHIBITS "A" "B" "C" § | |
| "D" and "E" AS DEFINED HEREIN § | |
| § | |
| Defendants. § | |

**MEMORANDUM, RECOMMENDATION AND ORDER**

Presently before the court is Plaintiff's Application to Proceed In Forma Pauperis (Doc. 7). This is Plaintiff's second application; on August 21, 2012, the court denied Plaintiff's earlier application without prejudice, advising her that if she wished to file a lawsuit without prepayment of fees or costs, she must first fill out the required financial affidavit and attach a copy of her proposed complaint.[1]

Plaintiff's request is governed by 28 U.S.C. § 1915(a)(1) which states, in part:

> [ ] any court of the United States may authorize the commencement . . . of any suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1); see also Gay v. Tex. Dep't of Corrs. State Jail Div., 117 F.3d 240, 241 (5th Cir. 1997)(noting that non-prisoner plaintiffs may file actions without paying a filing fee).

---

[1] See Doc. 4, Order Dated August 21, 2012.

Based on her financial affidavit, Plaintiff clearly meets the indigency requirements to file in forma pauperis. However, that is not the only inquiry; under 28 U.S.C. § 1915(e), a pauper's complaint shall be dismissed if it is frivolous or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii). If the case fits within either of these categories, the court has the discretion to dismiss the case sua sponte. See United States v. Pineda-Arrellano, 492 F.3d 624, 628 (5th Cir. 2007).

A complaint is frivolous if it lacks an arguable basis in law or fact. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001)(citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)). In making this determination, the court liberally construes Plaintiff's complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(holding that a pro se complaint must be held to less stringent standards).

Despite the fact that Plaintiff is proceeding pro se, pursuant to Federal Rule of Civil Procedure 8(a)(2), Plaintiff must also provide a "short and plain statement of the claim showing that the pleader is entitled to relief." See Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007)(holding that a complaint may be dismissed if a plaintiff fails to state a claim for relief). The complaint need not contain "detailed factual allegations" but must include

sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In the present case, it appears that Plaintiff intends to sue no less than one hundred and one defendants for employment discrimination.[2] In support of her complaint of discrimination,

---

[2] Plaintiff has listed these defendants in Exhibits A through E. They are: Stewart Title Insurance Company, Texas American Title Company, Lawyer's Title Insurance Company, StarTex Insurance Company, Gracy Title Insurance Company, Law Office of Mae Nacol & Associates, Chappelle & Associates, Law Office of Jeffrey Laird, Secreast, Karesh, Tate and Bicknese, North American Title Insurance Company, Southeastern Indiana Title Insurance Company, Pitts and Frank, Alamo Title Company, Allegiance Title Company, American National Title Company, American Title Company of Houston, Ameripoint Title Houston, Beacon Title Company, Charter Title Company, Chicago Title Insurance Company, Commerce Title Company, DHI Title Company of Central Texas, Exodus Title, LLC, Fidelity National Title Insurance Company, First American Title Insurance Company, Guardian Fidelity Title Company, Houston Title Company, Innovative Title Company, Integrity Title Company, Kirby Title LLC, LandAmerica Commonwealth Title of Houston, LandAmerica Partners Title Company, LandAmerica OneStop, Inc., LandTitleUSA, Inc., Lenders First Choice Agency, Inc., National Charity Title, Nationwide Appraisal and Title Services, Inc., NetCo, North American Title Company, Reliable Title Co., Richmond Title Services, LP, Ryland Title Company, San Antonio Title Company, Solutions Title of America Corporation, Southern American Title Company, StarTex Title Company, Stewart Title Company, Tetrs, LLC, Texas American Title Company, Texas Nations Title Agency, Trans Union Settlement Solutions, Inc., United Title of Texas, Universal Land Title of Texas, Inc., Vandiver & Castleman Land Title Company, Vanguard Title Company of Texas, Veritas Title, Alamo Title Insurance, Alliant National Title Insurance Company, Inc., Fidelity National Title Insurance Company, Lawyers Title Insurance Corporation, National Land Title Insurance Company, North American Title Insurance Corporation, Old Republic National Title Insurance Company, Pacific Northwest Title Insurance Co., Inc., Security Union Title Insurance Company, Sierra Title Insurance Guaranty Company, Southern Title Insurance Company, Stewart Title Guaranty Company, Ticor Title Insurance Company, Ticor Title Insurance Company of Florida, Title Insurance Company of America, Title Resource Guaranty Company, Transnation Title Insurance Company, United General Title Insurance Company, Barnett Staff Specialist, Attorney Resource, Hire Counsel, Mortgages Unlimited, "the title companies located in Atlanta, Georgia, New Albany, Indiana, and

Plaintiff simply alleges that she "has applied and continues to apply for employment with the companies herein stated."[3] Plaintiff further states, "The companies involved have taken so long to provide any kind of employment that it is a moot point . . . ."[4] Quite simply, Plaintiff has failed to allege any fact supporting a claim of discrimination against any defendant.[5]

Plaintiff also makes a sweeping claim that "We have defamation

---

Louisville, Kentucky, "various other employment located in both Houston, Texas, Atlanta, Georgia, New Albany, Indiana, and Louisville, Kentucky, Access Title LLC, The Accurate Group of Texas, LLC, Chicago Title of Texas, LLC, Commonwealth Title of Houston, Declaration Title Company, LLC, Empire Title Company, LTD, Independence Title Insurance Company, Integrity Title Company, LLC, MN Title Company, LP, National Investors Title Insurance Company, National Title Insurance of New York, Inc., NetCo Title Insurance, Platinum Title Partners, LP, TexaPlex Title, Title Houston Holdings, Title Resources Guaranty Company, Tradition Title Company, LLC, WFG National Title Insurance Company, Houston Police Department, Houston Fire Department, Office of Inspector General, Equal Employment Opportunity Commission, Texas Workforce Commission, Dillard's, and Star of Hope.

[3] Doc. 7-2, Proposed Emp't Discrimination Compl., p. 33.

[4] Id. at p. 34.

[5] It appears that amendment would not cure pleading defects with respect to at least six proposed defendants because any claim is time-barred. Specifically, Plaintiff alleges that on various dates in 2003, she received right-to-sue letters from the Texas Commission on Human Rights concerning her complaints of discrimination against Stewart Title Insurance Company (July 15, 2003), Texas American Title Insurance Company (April 28, 2003), Lawyer's Title Insurance Company (July 15, 2003), StarTex Title Insurance Company (July 15, 2003), Gracy Title Insurance Company (July 22, 2003), Law Office of Mae Nacol (April 28, 2003)and Dillard's Department Store (April 28, 2003). Each right-to-sue letter advised Plaintiff that she had sixty days to file a lawsuit. Plaintiff failed to timely initiate a civil action based on those right-to-sue letters and has not alleged any fact supporting a tolling of the limitations period. See In re United Service Auto Ass'n, 307 S.W.3d 299, 309 (Tex. 2010)(holding that the sixty-day filing period is mandatory, not jurisdictional).
As to the remaining claims, exhaustion of administrative remedies is a statutory requirement. See Tex. Lab. Code Ann. §§ 21.202(a)(a person must exhaust her administrative remedies by first filing a complaint with the Texas Workforce Commission no later than 180 days of the alleged discriminatory act.) This 180-day deadline is mandatory. See In re United Service Auto Ass'n, 307 S.W.3d at 309. If Plaintiff believes that she can satisfy Rule 8's pleading requirements with respect to any particular defendant, she must outline specific facts supporting a claim of discrimination against that defendant in her timely-filed objections to this memorandum.

resulting from slander and liable [sic] to both my personal and professional reputation."[6]  Again, Plaintiff fails to allege who made a defamatory statement, when and to whom the statement was made and the content of the statement.  This is insufficient under Twombly and Iqbal to put any defendant on notice of a plausible claim of defamation against it.

Finally, Plaintiff claims, "There are also criminal issues outstanding arising because of the passage of time, negligence, obstruction of justice and the repetitive nature of being denied employment."[7]  This allegation fails to state a claim against any defendant.

In light of the foregoing, the court finds that Plaintiff's proposed complaint is frivolous because it lacks an arguable basis in fact and fails to state a claim upon which relief can be granted against any defendant.  It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim for relief.  As the complaint fails to meet the requirements of 28 U.S.C. § 1915(e)(2), Plaintiff's application to proceed without payment of fees is **DENIED**.

Plaintiff has also requested appointment of counsel.  However, it is well-settled that an attorney should be appointed only under exceptional circumstances.  See Williams v. Ballard, 466 F.3d 330,

---

[6]   Doc. 7-2, Emp't Discrimination Compl., p. 34.

[7]   Id.

335 (5th Cir. 2006). The court has reviewed the pleadings in this action and finds that exceptional circumstances requiring the appointment of counsel are not present in this case. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

Plaintiff's motion for prepayment of settlement amounts from the defendants is without merit and is **DENIED**. Also, as the court has promptly ruled on these motions, Plaintiff's motion to expedite this action (Doc. 8), should be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 11th day of September, 2012.

Nancy K. Johnson
United States Magistrate Judge